UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PATRICIA SMITH                                                    PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:09CV98TSL-JCS

ERMEA E.J. RUSSELL                                               DEFENDANT

ORDER

This cause is before the court <u>sua sponte</u> for consideration of dismissal for lack of subject matter jurisdiction.

Plaintiff, who is proceeding <u>pro se</u> and who is a Mississippi resident, has filed suit in this court against defendant Ermea E.J. Russell, alleged to be "an adult resident citizen of the County of Hinds, State of Mississippi." By her lawsuit, plaintiff seeks damages based on Russell's alleged breach of contract and alleged negligence. The sum and substance of the complaint is that plaintiff paid Russell $300 to file a Title VII lawsuit on her behalf against her former employer, but instead of filing the suit, Russell required that Smith pay an additional $550 and because Smith did not have the money, the lawsuit was never filed.

Federal district courts are courts of limited jurisdiction. <u>See</u> <u>Giannakos v. M/V Bravo Trader</u>, 762 F.2d 1295, 1297 (1985) (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984)). Thus, "unless a dispute falls within the confines of the jurisdiction conferred by Congress," this court does not have the authority to issue orders regarding its

1

resolution.  Id.  Subject matter jurisdiction cannot be waived, nor may the parties confer jurisdiction upon the court either by their conduct or consent.  Id.  For this reason, if the parties fail to raise the question of subject matter jurisdiction, it is the court's responsibility to raise the issue sua sponte.  Id.

In the case at bar, in light of the fact that the complaint avers that both plaintiff and Russell are Mississippi residents, it is evident that subject matter jurisdiction does not exist under 28 U.S.C. § 1332.  See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. . . .").  Likewise, even though plaintiff's malpractice and breach of contract claims arise out of Russell's alleged failure to file a Title VII action, they are state law claims and jurisdiction is not found under 28 U.S.C. § 1331.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Thus, as plaintiff's claims clearly do not arise under the Constitution or laws of the United States and as there is not complete diversity of citizenship, the court concludes that it lacks subject matter jurisdiction under both §§ 1331 and 1332 and that the case should be dismissed without prejudice to its refiling in a court of competent jurisdiction.

Based on the foregoing, it is ordered that plaintiff's complaint be dismissed without prejudice.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 2nd day of March, 2009.


                                              _/s/ Tom S. Lee_____
                                               UNITED STATES DISTRICT JUDGE